IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TROY A. LUKENS**,

    Plaintiff,

    v.

**PORTLAND POLICE BUREAU, et al.**,

    Defendants.

No. 3:11-cv-00827-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Pro se plaintiff Troy Lukens, an inmate at the Oregon State Penitentiary, filed this civil rights action under 42 U.S.C. § 1983 against the Portland Police Bureau ("PPB") and PPB officers Jane Doe and Aaron Schmautz. Defendants moved for partial dismissal [12]. Plaintiff filed a response [17] and later filed a motion for leave to amend his complaint [18]. For the reasons explained below, I grant the defendants' motion for partial dismissal [12] and grant in part plaintiff's motion for leave to amend [18].

## STANDARD

    A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

1 – OPINION AND ORDER

relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court construes pro se pleadings "liberally," affording plaintiffs the "benefit of any doubt." *Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010).

Requests for leave to amend should be granted with "extreme liberality." *Moss v. United States Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quotation omitted). When addressing a motion for leave to amend, a court should determine the presence of any of four factors: "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation omitted).[1]

## DISCUSSION

Mr. Lukens alleges that on March 20, 2010, an unknown PPB officer stopped him on the street and patted him down before running an identity check and letting him go. Minutes later, Officer Schmautz stopped him and performed an identity and warrant check. Mr. Lukens alleges that Officer Schmautz then unlawfully searched his backpack, found contraband, and arrested him. He alleges that resulting criminal charges were eventually dismissed after the evidence seized from his backpack was suppressed. Mr. Lukens did not set out separate claims for relief but it appears that his Section 1983 claim is based on alleged violations of the Fourth, Eighth, and Fourteenth Amendments by the officers, and a failure to train by the PPB.

---

[1] Mr. Lukens asserts that I must grant his motion for leave under Fed. R. Civ. P. 15(a)(1). To avail himself of that provision, however, he should not have filed a motion for leave. And while I might nonetheless allow amendment as a matter of course under other circumstances, I will not do so here. His briefing seems to ask for an answer on the merits of defendants' arguments for partial dismissal and he has not attempted to address via amendment the deficiencies that the defendants identified. Thus, he has not attempted to moot defendants' motion to dismiss, which is what Rule 15(a)(1) is aimed at allowing. And I see no reason to allow amendment as a matter of course, just so defendants can file the same motion for partial dismissal.

2 – OPINION AND ORDER

Defendants moved to dismiss any claims under the Eighth and Fourteenth Amendments, as well as all claims against the PPB. In response, plaintiff acknowledged that the Eighth Amendment claim failed, but argued that the Fourteenth Amendment claim should proceed and that the PPB should remain a defendant. He also filed a motion for leave to amend his complaint in order to drop the Eighth Amendment claim and add the City of Portland as a defendant. His proposed amendment would not, however, dismiss the PPB or drop his apparent claim based on the Fourteenth Amendment. As explained below, I agree with defendants that those changes are also necessary before plaintiff may file an amended complaint.

## I. The Portland Police Bureau

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 only applies to a "person" who acted under color of state law. Local governmental units, such as counties or municipalities, can be sued as a "person" under Section 1983 in *Monell* claims. *See Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Other types of governmental entities can only be sued if they are intended to be separate and distinct legal entities. *Hervey*, F.3d at 792 (holding that intergovernmental narcotics team was not susceptible to suit). "[A]s judges in this Court have explained on more than one occasion, the Portland Police Bureau is not a separate entity from the City of Portland and is not amenable to suit. It is merely the vehicle through which the city fulfills its police functions." *Nickerson v. Portland Police Bureau*, 08-217-KI, 2008 WL 4449874, at *1 (D. Or. Sept. 30, 2008) (quotation and alteration omitted). The sources plaintiff cites in an attempt to show that the PPB is a distinct entity are not convincing. Accordingly, the PPB is dismissed from this suit, with prejudice. Insofar as plaintiff's motion to amend seeks to maintain the PPB as a defendant, that motion is denied as futile.

## II. Fourteenth Amendment Claim

Plaintiff's briefing makes clear that, based on the same alleged misconduct, he intends to assert a Fourth Amendment and a Fourteenth Amendment claim. I agree with defendants that any Fourteenth Amendment claim fails. *See Larson v. Neimi*, 9 F.3d 1397, 1400–01 (9th Cir. 1993) ("Fourth Amendment, rather than general due process, standards appl[y] to claims of unconstitutional seizures of the person . . . . [W]e continue to hold that Fourth Amendment standards must be used when a person asserts that a public official has illegally seized him."); *Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1180 (S.D. Cal. 2010) ("[I]t is clearly established that the Fourth Amendment, not the Due Process Clause of the Fourteenth Amendment, governs claims for false arrest brought pursuant to 42 U.S.C. § 1983."). Thus, to the extent plaintiff attempts to assert that defendants violated his substantive due process rights under the Fourteenth Amendment, that claim is dismissed with prejudice and leave to amend is denied as futile.

## III. Eighth Amendment Claim

Plaintiff apparently concedes that his attempt at an Eighth Amendment claim fails. I agree that he cannot bring this claim. *See In re Grand Jury Proceedings*, 33 F.3d 1060, 1062 (9th Cir. 1994) ("[T]he Eighth Amendment is not applicable until after there has been a formal adjudication of guilt in accordance with due process of law.") (citing *Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40 (1977)). To the extent plaintiff raises an Eighth Amendment claim, that claim is dismissed with prejudice and plaintiff may not re-plead it in an amended complaint.

## CONCLUSION

Defendants' motion for partial dismissal [12] is GRANTED. Plaintiff's claims under the Eighth and Fourteenth Amendments, as well as all claims against the PPB, are dismissed with

prejudice. Plaintiff's motion to amend [18] is GRANTED IN PART. Plaintiff may file an amended complaint within 30 days of this order, but the amended complaint may not include an Eighth Amendment or Fourteenth Amendment claim, and may not name the PPB as a defendant.

IT IS SO ORDERED.

DATED this  29th  day of November, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

5 – OPINION AND ORDER