IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TROY A. LUKENS,

    Plaintiff,

v.

PORTLAND POLICE BUREAU, et al.,

    Defendants.

No. 3:11-cv-00827-MO

OPINION AND ORDER

MOSMAN, J.,

Pro se plaintiff Troy Lukens, an inmate at the Oregon State Penitentiary, originally filed this civil rights action under 42 U.S.C. § 1983 against the Portland Police Bureau ("PPB") and PPB officers Jane Doe and Aaron Schmautz. He filed an amended complaint on December 16, 2011. At issue now is defendants' motion [27] to partially dismiss plaintiff's amended complaint, which I grant for the reasons explained below.

## STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*

1 – OPINION AND ORDER

*Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court construes pro se pleadings "liberally," affording plaintiffs the "benefit of any doubt."  *Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010).

## DISCUSSION

Mr. Lukens alleges Officer Schmautz and an unidentified PPB officer unlawfully stopped him on the street and that Officer Schmautz found contraband and unlawfully arrested him.  Mr. Lukens initially based his § 1983 claim on violations of the Fourth, Eighth, and Fourteenth Amendments.  Defendants moved to dismiss any claims under the Eighth and Fourteenth Amendments, as well as all claims against the PPB.  I granted that motion on November 29, 2011, but also granted plaintiff leave to amend.  He filed his amended complaint on December 16, 2011.  It adds the City of Portland as a defendant and drops the PPB, consistent with my ruling.  However, it also adds Mayor Sam Adams as a defendant and, while not clear, seems to maintain a Fourteenth Amendment due process claim.  Defendants moved to dismiss all claims against Mayor Adams and also the Fourteenth Amendment claim.

I previously dismissed with prejudice any independent Fourteenth Amendment due process claim, and therefore any such claim in the amended complaint fails.  I also now dismiss all claims against Mayor Adams.  Plaintiff's amended complaint merely alleges that the "City of Portland and Mayor Samual [sic] Adams failed to adequately train defendants . . . [and] failed to admonish defendants or take adequate steps to insure that plaintiff' [sic] said rights were not violated."  (Am. Compl. [25] 6).  Beyond this conclusory statement, plaintiff alleges no personal involvement by Mayor Adams with the facts of this case or with police training more generally.  He therefore fails to satisfy the basic pleading requirements.  Since plaintiff has had multiple

opportunities to explain any theory of liability as to Mayor Adams and has not even responded to defendants' motion to dismiss, I conclude that dismissal with prejudice of any claims against Mayor Adams is appropriate.

## CONCLUSION

Defendants' motion for partial dismissal [27] is GRANTED. To the extent plaintiff attempts to raise an independent claim under the Fourteenth Amendment, that claim is dismissed with prejudice. All claims against Mayor Sam Adams are also dismissed with prejudice.

IT IS SO ORDERED.

DATED this   18th   day of January, 2012.

/s/ Michael W. Mosman

MICHAEL W. MOSMAN
United States District Court

3 – OPINION AND ORDER